IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TED KNOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 05-114-JPG |
| | ) |
| **MARVIN F. POWERS, TERRY CALIPER,** | ) |
| **REBECCA FORNEAR, JACKIE HAMILTON,** | ) |
| **LANA WATKINS, TWYLA WALTON,** | ) |
| **CARROLL GEORGE, and JANE SIMMONS,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

FRAZIER, Magistrate Judge:

Before the Court are pending motions. The first items considered are defendant Caliper's motions to stay the deadline for filing her responsive pleading. Caliper's first motion, based on the perceived need for a qualified protective order (Doc. No. 24) is GRANTED.

Caliper's second motion is based on the fact that her pleading will not be needed if her motion for summary judgment is granted. Rule 56 motions for summary judgment do not automatically alter the time for the filing of a responsive pleading. In fact, Rule 56 directs the Court to consider the pleadings in considered in deciding the merits of the motion. Fed. R. Civ. P. 56(c). Even so, the Court will stay a responsive pleading in some circumstances, such as when the motion is premised on a statutory or procedural defense.

Caliper presents a qualified immunity defense and argues that she is entitled to judgment on the merits of plaintiff's § 1983 claim.[1] Because the Amended Complaint includes specific factual

---

[1] Caliper does not seek judgment on plaintiff's state law claim.

allegations regarding Caliper's conduct, a responsive pleading would assist the parties and the Court in determining whether Caliper is immune from an award of damages and if not, whether there is a genuine regarding a material fact.  For these reasons, Caliper's second motion to stay the deadline for a responsive pleading (Doc. No. 29) is DENIED.  Defendant Caliper shall file her responsive pleading by December 19, 2005.

Also pending is plaintiff's motion to stay his response to defendant Caliper's motion for summary judgment or in the alternative to refuse the motion.  Discovery is ongoing and, due to a policy prohibiting the transfer of legal documents between "pods," plaintiff is having difficulty gathering affidavits from witnesses.  The first part of this motion (pt. of Doc. No. 34) is GRANTED as follows.  The deadline for plaintiff's response to defendant Caliper's motion is EXTENDED to February 20, 2006.  Plaintiff's alternative request to refuse the motion (pt. of Doc. No. 34) is MOOT.

Also pending is plaintiff's motion for an order directing prison officials to permit the exchange of correspondence with witnesses or alternatively for an order appointing counsel.  Ruling on this motion (Doc. No. 35) is RESERVED.  Plaintiff's correctional counselor advised plaintiff to submit a written request to the warden.  Within 30 days, plaintiff shall supplement this motion with a description of the warden's response, if any.

**IT IS SO ORDERED.**

**DATED:   December 2, 2005  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**