IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. CV 05-114-PMF |
| | ) |
| MARVIN F. POWERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment filed by defendants Marvin Powers, M.D. (Doc. No. 110), Rebecca Fornear (Doc. No. 111), Jackie Hamilton (Doc. No. 112), Lana Watkins (Doc. No. 113)[1], Twyla Walton (Doc. No. 114), Carol George (Doc. No. 115), and Wexford Health Sources, Inc. (Wexford)(Doc. No. 116). These defendants seek judgment in their favor on Count I, which asserts a § 1983 civil rights claim based on the conditions of plaintiff's confinement at Tamms Correctional Center. Specifically, plaintiff alleges that these defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment when they responded with deliberate indifference to his serious needs for medical treatment of a diabetic condition and a lung condition. In support of his motion, defendant Powers argues that plaintiff's diabetic episode was acute and not chronic, and that plaintiff's pneumothorax was not a foreseeable condition. Defendants Fornear, Hamilton, Watkins, Walton, and George argue that plaintiff can present no evidence showing that they responded to his medical needs with deliberate indifference. The individual defendants also assert a qualified immunity defense. Defendant Wexford argues that evidence of custom, policy, or practice is absent. The motions are opposed (Doc. No. 120).

---

[1] Lana Watkins has changed her name to Lana Watkins Knupp. To avoid confusion, her former name is used here.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of the party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In order to establish a violation of the Eighth Amendment in a case involving medical care, plaintiff must show two things: that he had an objectively serious medical need and that each defendant responded to the need with deliberate indifference. A prisoner's medical need is objectively serious if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997). Deliberate indifference may be inferred when a medical professional's decision reflects a substantial departure from accepted professional judgment, practice or standards. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, a difference of opinion regarding the way in which a medical condition is to be treated does not give rise to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001).

**I.     Deliberate Indifference**

The Court commends the parties for their thorough discussion of the relevant evidence. Many crucial facts remain in dispute. The evidence, construed in the light most favorable to the plaintiff, could support a finding that he had a serious medical need for professional evaluation and

treatment of (1) a blood glucose level disorder between January and March, 2003, and (2) a lung disorder between March and May, 2003.  While plaintiff did receive medical attention during this time frame, a reasonable jury could find that defendants Powers, Fornear, Hamilton, and Watkins knew about serious symptoms and delayed evaluation and/or treatment in a manner that was detrimental to plaintiff's health or responded to plaintiff's symptoms in a manner that substantially departs from the medical norm.

With respect to defendant Walton, the evidence shows that she monitored plaintiff's condition while he was in the prison infirmary and heard plaintiff's complaint on March 21, 2003, of pain with sneezing and coughing and on March 24, 2003, of chest pain from coughing.  In response to plaintiff's initial complaint, defendant Walton listened to plaintiff's lungs and determined that they were clear on both sides.  She formed the impression that plaintiff's symptoms were consistent with his reported activities, made appropriate entries in plaintiff's clinical record, and provided care for plaintiff's other concerns.  In response to plaintiff's second complaint, she took no additional steps, as the symptoms reported were similar to those previously evaluated, and she knew that Dr. Powers had also evaluated plaintiff's condition.  Defendant Walton never formed the impression that plaintiff had an urgent need for treatment of a lung disorder (Doc. No. 114).

With respect to defendant George, the evidence shows that she monitored plaintiff's condition and provided nursing care several times between March 17 and 23, 2003, and between May 12 and 15, 2003.  In March, she heard plaintiff describe pain around his shoulder and armpit with coughing.  Pain medicine was provided.  In May, she checked plaintiff's vital signs and administered breathing treatments and medication ordered by a physician.  She did not reach the conclusion that plaintiff was in distress or that he needed additional urgent treatment for a lung ailment.

In response, plaintiff again relies on his allegations (Doc. No. 120, pp. 11-12).  At the

summary judgment phase, evidence must be presented to support allegations. The evidence on file could not support a finding that George or Walton's acts or omissions satisfy the deliberate indifference standard. These defendants are entitled to judgment in their favor on Count I.

## II.   Qualified Immunity

The defendants also argue that they have qualified immunity from an award of damages. In order to resolve this argument, the court first decides whether the alleged conduct violated a Constitutional right, taking the facts in the light most favorable to plaintiff. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Defendants Walton and George are immune from an award of damages, as the evidence could not support a finding that they violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Defendants Powers, Fornear, Hamilton, and Watkins are not entitled to qualified immunity. The evidence, construed in plaintiff's favor, would support a finding that these defendants responded to plaintiff's serious medical needs with deliberate indifference. The deliberate indifference standard was well established in the prison medical care context in 2003.

## III.   Liability of Wexford

Wexford argues that the evidence could not support a finding that plaintiff's injuries arose from a custom, policy or practice. Plaintiff responds that the lack of an established policy or procedure regarding blood sugar level monitoring permits a finding of deliberate indifference.

A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the Eighth Amendment violation. *Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). In the absence of evidence suggesting that Wexford had a policy or practice that led to the denial of needed medical care for a serious ailment, Wexford is entitled to judgment on Count I.

## IV.   Conclusion

The motions for summary judgment filed by defendants Walton, George, and Wexford (Doc. Nos. 114, 115, 116) are GRANTED. Judgment shall enter in favor of these defendants on Count I at the conclusion of this case. The motions for summary judgment filed by defendants Powers, Fornear, Hamilton, and Watkins (Doc. Nos. 110, 111, 112, 113) are DENIED.

**IT IS SO ORDERED.**

**DATED:  August 2, 2007 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**